PER CURIAM:
Claimants brought this action for vehicle damage which occurred when claimant Michelle Igo’s father, Carl Skeens, was driving claimants’ 2006 Chevrolet Silverado truck, and the truck struck rocks that were placed on Cabin Creek Road in Kayford, Kanawha County. Cabin Creek Road, designated as County Route 79/3, is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:30 p.m. on April 3, 2008. County Route 79/3 is a gravel-based road at the area of the incident involved in this claim. On the day in question, Mr. Skeens had borrowed the claimants’ vehicle to replace its inspection sticker. He decided to take County Route 79/3 because it was the shortest route rather than taking W.Va. Route 93 that connects with W.Va. Route 3. Mr. Skeens stated that it appeared that either the coal company or respondent had placed rocks at this particular location. As he was driving at less than five miles per hour in order to avoid the rocks, a rock cut the side of the vehicle’s tire. Since the rocks were covering a large portion of the road surface, he was unable to avoid them. When claimant traveled on the road two weeks prior to this incident, he did not notice the rocks. According to Mr. Skeens, the road has been in disrepair for the past several years due to the coal truck traffic on the road. He thought that the rocks were placed in this area to alleviate the ruts in the road surface. After the incident, Mr. Skeens stated that the large rocks were removed and smaller stones were placed in this area. As a result of this incident, his vehicle sustained damage to its tire in the amount of $134.99.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 79/3. John Wayne Walker, Maintenance Assistant for respondent in Kanawha, Boone, and Mason County, testified that County Route 79/3 is a third priority road in terms of its maintenance. Mr. Walker testified that respondent did not place the rocks in this area. He explained that respondent and a coal company have a maintenance agreement for this road, and under the agreement, the coal company is responsible for providing additional maintenance for the road. Mr. Walker stated that his office did not receive any complaints regarding rocks on this road prior to April 3,2008.
*180 The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the rocks that were placed on County Route 79/3. Since respondent did not place the rocks in this area, the Court cannot find respondent negligent in failing to maintain County Route 79/3. According to Mr. Walker ’ s testimony, the coal company may have placed the rocks at this location. Thus, the claimants may have an action against the coal company for the damage to their vehicle. Despite this, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.